IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                           CR No. 90-192 - MA

        Plaintiff                                           OPINION AND ORDER

v.

GAYLEN HOWARD HABERMAN,
NOREEN ANN HABERMAN,

        Defendants.


MARSH, Judge.

      This matter is before the court on defendants' joint motion for modification of an imposed

term of imprisonment (doc. 130).  For the reasons that follow, I deny the motion.

## **BACKGROUND**

      On December 3, 1990, defendants pled guilty to an indictment charging the crime of

possession with intent to distribute 100 grams or more of methamphetamine in violation of 21

U.S.C. § 841(a).  As part of their plea agreements, both defendants stipulated to the quantity of

methamphetamine charged. On February 4, 1991, I sentenced both defendants to a term of imprisonment of 120 months and five years supervised release. I released both defendants pending the Ninth Circuit's consideration of appeals of their respective convictions. The Ninth Circuit rejected both defendants' appeals on December 5, 1991. The defendants then absconded and failed to report to a Federal Correctional Institution as directed. The defendants were arrested in Colorado on April 9, 2001, and returned to custody to begin serving their sentences.

On January 8, 2002, both defendants filed identical petitions under 28 U.S.C. § 2255 to vacate their convictions and sentences based on ineffective assistance of counsel. On March 20, 2002, I dismissed the petitions on the ground they were untimely, having been filed more than ten years after the defendants' convictions became final. On April 5, 2002, defendant Gaylen Haberman moved for reconsideration. I denied the motion on April 19, 2002 and he appealed.[1] On April 24, 2002, I denied the issuance of a Certificate of Appealability on his behalf on the ground he had failed to make a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253©)(2).

On June 7, 2002, defendant Gaylen Haberman filed a second petition to vacate his sentence under 28 U.S.C. § 2255. On June 10, 2002, I dismissed the petition for failure to comply with the certification requirements for a second Section 2255 petition. Defendant Gaylen Haberman thereafter withdrew his appeal to the Ninth Circuit.

Both defendants now move to have their sentences modified pursuant to 18 U.S.C.

§ 3582©)(2). They assert they are innocent of the charge on which they pled guilty, based on

---

[1] Defendant Norrene Haberman did not file a Notice of Appeal.

"new information" that the quality and quantity of methamphetamine that was charged in the indictment was misrepresented by the government, and that the real culprit was defendant Norrene Haberman's brother.  In addition, the defendants urge the court to exercise its discretion to reduce their sentences based on the retroactive application of the Supreme Court's <u>Blakely</u>, and <u>Booker</u> decisions, and the Ninth Circuit's <u>Ameline</u> decision, which, in aggregate, provide that findings of fact enhancing the length of the otherwise maximum sentence allowed by law are subject to jury trial and proof beyond a reasonable doubt under the Sixth Amendment and that the Sentencing Guidelines are advisory, not mandatory.

The government opposes the defendants' motion on the ground it is, in reality, another Section 2255 motion that (1) is time-barred, and (2) does not comply with certification requirements for successive Section 2255 motions.  Finally, the government points out <u>Blakely</u> and <u>Booker</u> do not apply retroactively to cases on collateral review.

## DISCUSSION

### 1.  Reduction of Sentence Under 18 U.S.C. § 1382©)(2).

The defendants assert this motion is properly brought under 18 U.S.C. § 1382©)(2). Under that section, the court may reduce the sentences it imposed on the defendants only if the defendants "ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

These defendants pled guilty to the charge of possession with intent to distribute 100 grams or more of methamphetamine.  Each of them had a Total Offense Level of 32 and a Criminal History Category of I.  The applicable Sentencing Guideline range was and still is 121-

151 months given each defendant's offense level and criminal history.  The court, in fact, sentenced both defendants to imprisonment for a term of 120 months, which is less than the low end of the applicable Sentencing Guideline range.   Accordingly, the provisions of 18 U.S.C. § 1382©)(2) are not applicable.

**Actual Innocence.**

Where a defendant has procedurally defaulted a habeas claim by failing to raise it on direct review, the claim may be raised in a habeas proceeding if the defendant can first demonstrate that he is "actually innocent."  Bousley v. U.S., 523 U.S. 614, 622 (1998).  Actual innocence can be established if the petitioner demonstrates that "it is more likely than not that no reasonable juror would have convicted him."  Moreover, "actual innocence means factual innocence, not mere legal insufficiency."  U.S. v. Benboe, 157 F.3d 1181, 1184 (9th Cir. 1998).

Here, the defendants argue the government mishandled the evidence of methamphetamine allegedly found at their residence while it was in the government's custody. For instance, although three plastic bags of methamphetamine were apparently seized from their residence, defendants point to police reports that refer to four, or five plastic bags of purported methamphetamine that were seized from the premises.  The defendants assert "the federal analysis states there are approx. 137 grams of methamphetamine, which never could be truly and accurately ascertained, ever belonged or was found at the residence of defendant's (sic)," and the drugs were never tested for purity.  Finally, to justify their guilty pleas, the defendants assert they were "foolishly" trying to protect another family member.

The defendants' "new evidence" does not establish their actual innocence of the charges

on which they pled guilty.   In the presentence report, defendant Gaylen Haberman admitted to

selling 250-300 grams of methamphetamine a month for four months for a price of $100 a gram

before the search of his house that led to the seizure of the methamphetamine now in dispute.

Defendant Norrene Haberman admitted that both defendants had been selling methamphetamine

for 6-12 months, and the defendants stated they used the profits from the drug sales to remodel

their mobile home.  Defendant Norrene Haberman estimated the defendants received $6000-

$7,000 for each 250 gram sale.  The sum of $3400 cash, believed to be proceeds from drug sales,

was seized from the defendants' residence by the government.  A triple beam scale and other

items believed to be used for packaging and using methamphetamine were also seized from the

defendants' residence.

Courts are entitled to give great weight to statements made by a defendant

contemporaneously with his plea.  Chizen v. Hunter, 890 F.2d 560, 562 (9th Cir. 1986).  "The

representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as

any findings made by the judge accepting the plea, constitute a formidable barrier in any

subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, (1977).  "Solemn

declarations in open court carry a strong presumption of verity. The subsequent presentation [by

a defendant] of conclusory allegations unsupported by specifics is subject to summary dismissal,

as are contentions that in the face of the record are wholly incredible."  Id. at 74.

I find the defendants have failed to demonstrate there is new evidence of their actual

innocence in light of the defendants' previous admissions in court and to federal officials for


purposes of the presentence report, and the unrebutted evidence establishing that quantities of

methamphetamine well in excess of 100 grams, along with cash proceeds and equipment and materials for the use and delivery of the drugs, were seized from the defendants' residence, and that the defendants used the proceeds of drug sales for their own purposes. In addition, the so-called "new evidence" cited by the defendants does not contradict their prior admissions that they sold methamphetamine from their home, but merely attempts to shift responsibility for their actions to a third party.

Accordingly, I deny the defendant's motion for modification of an imposed sentence on the grounds of new evidence of actual innocence.

3.      **Booker - Ameline.**

The defendants assert the lengths of their sentences were determined by facts found by the court by a preponderance of the evidence in violation of their Sixth Amendment right to jury trial. Blakely v. Washington, 124 S.Ct. 2531 (2004); United States v. Booker, 125 S.Ct. 738 (2005). The Supreme Court's holding in Booker does not apply retroactively to cases on collateral review where, as here, the defendants' convictions were final on the date the Booker decision was published. U.S. v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005).

The defendants also argue, however, that the court should exercise its discretion to grant a downward departure under the "safety-valve" provisions of the Sentencing Guidelines. See USSG § 5C1.2. They assert a downward departure is appropriate in light of the advisory nature of the sentencing guidelines because (1) their conduct was less serious than the typical conduct governed by the sentencing guidelines, (2) their conduct was aberrant, being an extreme departure from an otherwise law-abiding life, (3) they each have an excellent lifetime employment history, (4) they each have accepted responsibility for their drug addictions, (5) they

have both undergone post-offense rehabilitation, and (6) they both played peripheral and minimal roles in the offenses charged.

I find the defendants would not have received a materially different sentence if I had been free to consider the sentencing guidelines advisory only.  United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005); United States v. Beck, 418 F.3d 1008 (9th Cir. 2005).  Moreover, the defendants would not, in any event, qualify for a downward departure under the safety-valve provisions of the sentencing guidelines.  A defendant who, at least by the time of sentencing, does not disclose all information he or she has concerning offenses that were part of the same course of conduct is not entitled to safety valve relief.  United States v. Miller, 151 F.3d 957, 958 (9th Cir. 1998).  To be entitled to consideration for a safety-valve downward departure, a defendant, inter alia, must not be an "organizer, leader, manager, or supervisor of others in the offense," and must "not later than the time of the sentencing hearing truthfully provide[] to the government all information and evidence the defendant has concerning the offense or offenses . . ."  USSG § 5C1.2(a)(4) and (5).  Here, the primary basis for the defendants' claim that they are entitled to a downward departure is that, at best, they made false or misleading statements to the court in order to protect the organizer and leader, who they call the "main culprit" of the methamphetamine distribution ring.  If there is any basis in fact that a third party was the organizer and leader of the criminal activity in which these defendants were involved, the defendants, ipso facto, did not provide to the government all the information and evidence they had regarding the offense with which they were charged and pled guilty.

## **CONCLUSION**

For these reasons, the court **denies** the defendants' joint motion for modification of an

imposed term of imprisonment (doc. 130).

IT IS SO ORDERED.

DATED this 9  day of January, 2006.

 /s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge